United States District Court
District of Massachusetts

| | |
|---|---|
| Bharanidharan Padmanabhan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 17-10936-NMG |
| James Paikos et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the indefinite suspension of the medical license of Dr. Bharanidharan Padmanabhan ("plaintiff" or "Padmanabhan" or "Dr. Bharani") by the Massachusetts Board of Registration in Medicine ("BORIM" or "the Board"). Padmanabhan, who appears pro se, alleges that BORIM's initial decision on August 7, 2015, recommending no discipline became a final binding decision on February 3, 2016, and that BORIM's May, 2017, order suspending his license was therefore an unlawful ultra vires act. More specifically, plaintiff alleges that defendants, ten members or employees of BORIM all of whom are sued in their official capacities, violated 42 U.S.C. § 1983 by denying him his Due Process and Equal Protection rights under

-1-

the Fourteenth Amendment. Accordingly, plaintiff seeks "immediate prospective injunctive relief" under Ex parte Young, 209 U.S. 123 (1908).

Before the Court are 1) defendants' motion to dismiss (Docket No. 34), 2) plaintiff's second motion to disqualify the presiding judicial officer for bias (Docket No. 54) and 3) five motions to intervene, filed by patients of Dr. Padmanabhan (Docket Nos. 32, 33, 41, 48, 60).

**I. Background**

Dr. Padmanabhan, who holds MD and PhD degrees, resides and practiced medicine in Massachusetts. In November, 2010, BORIM received a complaint against plaintiff and began an investigation. In July, 2014, the Board commenced disciplinary proceedings against plaintiff by issuing a statement of allegations. An evidentiary hearing took place before a Division of Administrative Law Appeals ("DALA") magistrate in early 2015, and the magistrate issued a recommended decision on August 7, 2015. In January, 2016, BORIM remanded the case to the magistrate with orders to clarify and explain certain parts of the decision.

In March, 2016, plaintiff filed a petition for certiorari in the Massachusetts Supreme Judicial Court ("SJC") asserting that the Board proceedings violated his constitutional rights

and requesting that the decision of August 7, 2015, be deemed final pursuant to 801 C.M.R. § 1.01(11)(c)(3).  After that petition was denied by a single justice of the SJC, plaintiff appealed to the full SJC.  While the appeal was pending, the DALA magistrate issued an amended recommended decision on August 30, 2016.  That decision found that Dr. Padmanabhan's conduct was below the standard of care.

On May 11, 2017, BORIM issued a decision that adopted, in large part, the magistrate's findings.  In prompt sequence, plaintiff filed an emergency motion in the SJC to stay the suspension of his license, the SJC denied that motion and issued an opinion on the matter. See Padmanabhan v. Bd. of Registration in Med., 77 N.E.3d 312 (Mass. 2017).  The court noted that it did not

> condone the lengthy disciplinary process to which Padmanabhan has been subjected [and that it had] serious concerns [about the] repeated resettings of the 180-day clock pursuant to 801 C.M.R. § 1.01(11)(c)(2).

Id. at 314.

Nonetheless, the Court concluded that plaintiff's finality argument was unavailing and that plaintiff

> now has the opportunity to pursue judicial review of the final decision, [of BORIM] pursuant to M.G.L. c. 112, § 64.

Id. at 315.

Plaintiff filed his complaint in this action on May 22, 2017. He requests that BORIM's decision be stayed "while the en banc SJC opinion is pending" and until "Dr. Bharani can avail of remedies in Federal court for the egregious violations" committed by the Board.

**II. Analysis**

**Motion to Disqualify**

In June, 2017, plaintiff filed his first "motion for recusal and substitution/reassignment." In that motion, plaintiff alleged that the judicial officer in this session was biased in favor of Massachusetts Attorney General Maura Healey and others. Those allegations arose from an earlier case before the same judge in which he dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. See generally Padmanabhan v. Healey, 159 F. Supp. 3d 220 (D. Mass. 2016), aff'd 2017 U.S. App. LEXIS 71027, *1 (1st Cir. Jan. 4, 2017), cert. denied, 2017 U.S. LEXIS 4782 (Oct. 2, 2017). The Court denied plaintiff's motion in July, 2017, noting that the First Circuit Court of Appeals ("First Circuit") has concluded that the judicial officer assigned to the present case has exhibited no bias.

Plaintiff's second motion to disqualify reiterates the arguments plaintiff put forth in his first motion for recusal.

He stresses that Judge Gorton ruled against him in a previous matter and asserts that "relying on the opinion of the First Circuit [in Padmanabhan v. Healey] is, at the very least, unsafe."

Pursuant to 28 U.S.C. § 455(a), a judge

> [s]hall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Conversely, a "trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." In re U.S., 441 F.3d 44, 67 (1st Cir. 2006) (citing United States v. Snyder, 235 F.3d 42, 45-46 & n.1 (1st Cir. 2000)) (additional citations omitted). No developments in this litigation alter the analysis made with respect to plaintiff's first motion for recusal.

Plaintiff's motion to disqualify will be denied.

## Legal Standard

Defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by

reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F.Supp.2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

Padmanabhan seeks a "temporary injunction" pending the outcome of a future action. The Court will treat the motion as being for a preliminary injunction.

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits is

held. New Hampshire Right to Life Political Action Comm. v. Gardner, 99 F.3d 8, 16 (1st Cir. 1996). To obtain injunctive relief, the plaintiff bears the burden of demonstrating:

> 1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) a fit (or lack of friction) between the injunction and the public interest.

Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted).

No individual factor is dispositive. Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001). Instead, the court "must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." Printguard, Inc. v. Anti-Marking Sys., Inc., 535 F. Supp. 2d 189, 196 (D. Mass. 2008) (quoting Hybritech, Inc., v. Abbott Labs., 849 F.2d 1446, 1451 (Fed. Cir. 1988)).

**1. Likelihood of success on the merits**

Defendants contend that plaintiff's cause of action is barred by the doctrine of claim preclusion. Padmanabhan denies that claim preclusion applies and asserts that the parties are not in privity, that the prior action did not produce a final judgment on the merits and that the state and federal cases have "no overlapping claims".

Pursuant to 28 U.S.C. § 1738, judicial proceedings of the several states "shall have the same full faith and credit in

-7-

every court within the United States." Cf. U.S. Const. art. IV, § 1 (mandating that "Full Faith and Credit be given in each State to the public Acts, Records, and judicial Proceedings" of each other state). Under that full-faith-and-credit mandate, federal courts must "give preclusive effect to a state-court judgment if the state court itself would." Newman v. Krintzman, 723 F.3d 308, 310 (1st Cir. 2013) (citing Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996)) (additional citations omitted). Under Massachusetts law, claim preclusion applies when three elements are satisfied:

> the parties to the prior and present actions must either be identical or in privity; the causes of action must arise out of the same nucleus of operative fact; and the prior action must have produced a final judgment on the merits.

Goldstein v. Galvin, 719 F.3d 16, 23 (1st Cir. 2013) (citing Kobrin v. Board of Registration in Med., 832 N.E.2d 628 (Mass. 2005)).

### a. Privity of parties

The emergency motion to stay that plaintiff filed in the SJC in May, 2017 named the Board of Registration in Medicine and the Division of Administrative Law Appeals as defendants. Accordingly, plaintiff denies that the defendants in the present case are in privity with the two entities that were named in the state action. Plaintiff is mistaken.

A public official, sued in his or her official capacity is treated as a "proxy for the government entity that employs him

and is in privity with that entity." Goldstein v. Galvin, 719 F.3d 16, 23 (1st Cir. 2013) (citing Town of Seabrook v. New Hampshire, 738 F.2d 10, 11 (1st Cir. 1984) (per curiam)).

Each defendant named in plaintiff's complaint is either a member or an employee of the Massachusetts Board of Registration in Medicine. Plaintiff also notes explicitly that he is suing each defendant in his or her official capacity. The defendants, sued in their official capacity, are a proxy for the Massachusetts Board of Registration in Medicine, the same entity that plaintiff sued in the May, 2017, state action. The fact that different individuals served as Secretary of the Board and as members of the Board does not alter the fact that BORIM is and was a party to both actions. The parties to the prior and present actions are in privity.

### b. Nucleus of operative fact

Plaintiff declares that the present action asserts a different claim than the state action. The federal action, he contends 1) is "about the conduct of the defendants outside the administrative hearing," 2) has nothing to do with the "true Final Decision that resulted in February, 2016" and 3) is about defendants' intentional violation of plaintiff's rights through ultra vires acts.

Courts require a common nucleus of operative facts because claim preclusion applies even where the claimant "is prepared in

-9-

a second action to present different evidence or legal theories to support his claim." Hudson v. MacEachern, 94 F. Supp. 3d 59, 66 (D. Mass. 2015) (quoting Heacock v. Heacock, 520 N.E.2d 151, 152-53 (Mass. 1988)).

The nucleus of operative facts between the present case and the state action is identical. In both cases, plaintiff's claims arise out of the same proceedings and disputed final decisions of BORIM. Plaintiff's reliance in the present case on § 1983 and his constitutional rights does not affect the underlying facts.

The causes of action in the two cases arise out of the same nucleus of operative fact.

### c. Final judgment on the merits

At the heart of plaintiff's complaint is the contention that the May, 2017 decision of the Board is not a "final decision" because its prior decision in February, 2016, was "the true Final Decision" of BORIM. Plaintiff relies on 801 C.M.R. § 1.01(11)(c)(3), which provides:

> Failure to Issue Final Decision. If the Agency fails to issue a final decision within 180 days of the filing or re-filing of the tentative decision, the initial decision shall become the final decision of the Agency, not subject to further Agency review.

The SJC has already rejected the identical argument. In its opinion issued on June 27, 2017, the court held that 1) the 180-day period began to run anew when the Board resubmitted the

-10-

tentative decision to the presiding magistrate, 2) the May, 2017, decision (not the February, 2016 decision) was final and 3) the appropriate avenue to seek judicial review was by a petition to the SJC pursuant to M.G.L. c. 112, § 64. That petition needed to be filed within 30 days from the time plaintiff received notice of the final decision of the agency, i.e. not later than June 11, 2017. See Hamel v. Bd. of Registration of Funeral Directors & Embalmers, 867 N.E.2d 319, 320 (2007) (citing M.G.L. c. 112, § 64) (additional citation omitted). Plaintiff failed to file that petition at any time, much less in a timely manner.

Plaintiff requests that this Court declare the February 2016 decision the "true final decision". Even if it thought such a declaration appropriate (which it does not), this Court lacks the authority to do so.

"It is not within the province of a federal court" to judge whether a state court misapplied state law. In re Kersey, 402 F.3d 217, 219 (1st Cir. 2005) (citations omitted). "Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) (citing Engle v. Isaac, 457 U.S. 1141 (1982)) (additional citation omitted). The finality of a state agency's decision is not such a constitutional question.

The May 11, 2017, decision of the Board is a final judgment for the purposes of claim preclusion. See Brockton Power Co. LLC v. Energy Facilities Siting Bd., 13 N.E.3d 955, 959 n. 8 (Mass. 2014) (explaining that a "final order of an administrative agency in an adjudicatory proceeding" precludes relitigation of the same issues by the same parties) (citation omitted).

Because this action and the state court action include privity of parties and the same nucleus of operative fact and because the state court action resulted in a final decision, plaintiff's claim is barred by the doctrine of claim preclusion.

### 2. Remaining factors

"In this circuit, proving likelihood of success on the merits is the 'sine qua non' of a preliminary injunction." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 173 (1st Cir. 2015) (citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)). Where the moving party is unable to satisfy this requirement, "the remaining factors become matters of idle curiosity." New Comm, 287 F.3d at 9.

Plaintiff's claim is barred by claim preclusion and therefore his success is unlikely. Accordingly, the Court declines to analyze the remaining preliminary injunction factors. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted will be allowed.

**Motions to Intervene**

There are currently five outstanding motions to intervene filed by numerous patients of Dr. Padmanabhan. Because the Court will allow defendants' motion to dismiss, it will deny the motions to intervene as moot.

**ORDER**

For the foregoing reasons, plaintiff's second motion to disqualify (Docket No. 54) is **DENIED**. Defendants' motion to dismiss complaint (Docket No. 34) is **ALLOWED**. The motions of the putative intervenors to intervene (Docket Nos. 32, 33, 41, 48 & 60) are **DENIED AS MOOT.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 29, 2017